UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA : Criminal No. *07-70*

                      :

                      :

                v. :          **FILED**

                      :       APR 1 7 2007

LASHAWN LEWIS :    NANCY MAYER WHITTINGTON, CLERK
                      :          U.S. DISTRICT COURT

                      :

          Defendant. :

## STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Lashawn Lewis, by and through her undersigned counsel, and the United States, by and through the United States Attorney for the District of Columbia, agree and stipulate as follows:

In 2005, ~~defendant Lashawn Lewis ("Lewis")~~ *Cynthia Russell ("Russell")* worked for the Clerk of Court, D.C. Superior Court, located at 500 Indiana Avenue, N.W., in Washington, D.C. Among her co-workers was an individual named *defendant Lashawn Lewis ("Lewis")* ~~Cynthia Russell ("Russell")~~, who was also a commissioned notary public in Prince George's County, Maryland.

Prior to his death, on October 13, 2004, James A. Roy was the owner of land and a building, located at 1133 Sixth Street, N.W., in Washington, D.C. On May 31, 2005, the administration of the estate of James A. Roy was granted to his granddaughter, "K.R."

-2-

Sometime in August of 2005, Russell was approached by a friend named Denise McLeod ("McLeod"), and advised that she and her (McLeod's) business associate, Nelson Brockenborrugh ("Brockenborrugh") were interested in acquiring the real estate property located at 1133 Sixth Street, N.W., Washington, D.C. Russell also knew Brockenborrugh, who was at that time a court security officer at the D.C. Superior Court.  Russell had rented and was residing in a house (with an option to purchase) that was owned by Brockenborrugh, and managed by McLeod.

In late August, 2005, McLeod asked Russell if she knew anyone who was a notary public, so that she could have papers certified in connection with the purchase of the property she and Brockenborrugh were acquiring at 1133 Sixth Street, N.W.  McLeod had explained to Russell that someone connected with the property had died, and she was seeking to acquire the property from his heirs.  McLeod told Russell that she was prepared to pay $200 to have the transfer papers notarized.  Although she knew that $200 was a clearly excessive fee for notarizing a document, Russell told McLeod that her co-worker, defendant Lewis, was a notary public, and began arrangements to have Lewis notarize the deed. Within days, Russell approached Lewis at work and told her what McLeod wanted and that she would receive a $200 fee for the service.

On or about Sunday, August 28, 2005, McLeod and Russell each

-3-

contacted defendant Lewis to make arrangements to drive to Lewis's home, in Maryland, to notarize the deed.  It was decided that Russell would pick up the deed at McLeod's residence and drive it to Lewis's residence, where Russell would sign the deed as a "witness" to the signature of James Roy (as "Grantor") and Lewis would notarize the signatures.

On August 28, 2005, Russell and Lewis did as they had agreed: Russell signed as "Witness" to a deed that purported to transfer title to the property from "James A. Roy" to "Denise Seales McLeod" for a fee of $10,000, and Lewis certified "that party James A. Roy to a certain deed bearing date on the 28th day of August, 2005, and hereto Annexed, personally appeared before me in said P.G. County, the said party being personally well known to me as the person who executed the said deed and acknowledged the same to be his act and deed."  In fact, as both defendant Russell and defendant Lewis then well knew, no such individual was known to them, nor was he present, nor had he at any time signed the deed in their presence.  Defendant Lewis signed the notary certification and added an official seal to the document.

On or about September 8, 2005, McLeod went to the Registrar of Deeds for the District of Columbia and filed the deed, purporting to transfer the property from James A. Roy to herself. She was assessed $7,609.92 in transfer costs, fees, and taxes, half of which was later reimbursed to her by Brockenborrugh.

-4-

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
Barbara E. Kittay
D.C. Bar No. 414216
Aaron Mendelsohn
D.C. Bar No. 467570
Assistant U.S. Attorneys
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: __4/17/07_____       _____
                                Lashawn Lewis
                                Defendant

I concur with her decision to stipulate to this Statement of Offense.

Date: __4/17/07_____       _____
                                Danielle C. Jahn, Esquire
                                Attorney for the Defendant